■ DOROTHY TELARO, Respondent-Appellant, v. RUDOLPH TELARO, Appellant-Respondent.— Judgment of the Supreme Court, Rockland County, dated February 23, 1966, modified, on the law and the facts, and in the exercise of discretion, by reducing the sum awarded to plaintiff for the support of herself and the infant issue of the marriage to $200 per week, to be allocated $150 for plaintiff and $25 for each child. As so modified, judgment affirmed insofar as appealed from, without costs. Appeal from decision of said court dated February 15, 1966 dismissed, without costs. In our opinion, the support and maintenance awarded to plaintiff was excessive to the extent indicated. No separate appeal lies from a decision. Ughetta, Acting P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.

■ RHODIE TRAPPIO et al., Respondents, v. NATIONAL AUTO RENTING CO., INC., et al., Appellants, et al., Defendant.— Judgment of the Supreme Court, Queens County, dated May 4, 1966, affirmed insofar as appealed from, with costs to respondent Trappio. No opinion. Brennan, Hopkins and Benjamin, JJ., concur; Ughetta, Acting P. J., and Rabin, J., dissent and vote to reverse the judgment insofar as appealed from and to grant appellants a new trial, with the following memorandum: The nonappealing defendant Tyrell, driver of a passenger vehicle, overtook a 2,800-pound truck driven by defendant Follett which was proceeding, according to Tyrell, at 18 miles an hour. The vehicle struck the truck in the rear when the latter stopped for a red light. There is conflicting testimony as to whether the stop of the truck was abrupt or leisurely. After the impact the truck, not in gear according to Follett, went diagonally across the 30-35 foot width of an intersecting street, mounted a curb and struck plaintiffs. According to Follett, his passenger and a policeman on traffic duty, the truck was propelled across the street by the vehicle. The policeman testified that Tyrell endeavored to leave the scene. Tyrell had no operator's license. Tyrell offered no testimony as to propelling the truck across the street. The prime issue is that of negligence in causing the truck unswervingly to cross the street after impact. Under all the circumstances, the necessary finding that Follett, despite his testimony to the contrary, did not try to stop or steer, is against the weight of evidence.